UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SARA COSTANTINO,

                                      Plaintiff,        COMPLAINT
                                                        (Jury Trial Demanded)
      -against-

                                                              21 Civ.

CITY OF NEW YORK, COMMANDING OFFICER
JOHN DOE, first and last name unknown, Shield No.
Unknown, POLICE OFFICER MICHAEL SAID, Shield
No. Unknown,

                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Sara Costantino, by her attorney Scott A. Korenbaum, Esq., for her Complaint, alleges as follows:

## INTRODUCTION

       1.     Plaintiff Sara Costantino brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of her federal constitutional rights. On June 3, 2020, at approximately 9:00 p.m., defendant John Doe, a supervisory member of the New York City Police Department, directed police officer Michael Said, a member of the Department, to arrest Ms. Costantino knowing that probable cause was lacking for her arrest.

       2.     Defendant Said arrested Ms. Costantino even though he knew or should have known that no basis existed to arrest her. In arresting Ms. Costantino, Defendant Said placed her wrists in plastic restraints so tightly that it ultimately caused injuries to her wrist and thumb. Moreover, defendant Said ignored Ms. Costantino's repeated pleas to loosen the cuffs because of the pain she was experiencing.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Ms. Costantino's claim arises under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to the claim of Ms. Costantino arising under the common law of the State of New York.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper as a substantial part of the events or omissions giving rise to Ms. Costantino's claims occurred in Brooklyn

## PARTIES

5. Ms. Costantino is a citizen of the United States. She resides in the State of New York, County of Suffolk.

6. Defendant Doe, at all times relevant herein, was a member of the Department holding a supervisory position. Upon information and belief, he is still a member of the Department and still holds a supervisory position.

7. At all times relevant herein, defendant Doe was acting within the scope of his employment and under color of law.

8. Defendant Said, at all times relevant herein, was a member of the Department. Upon information and belief, he is still a member of the Department.

9. At all times relevant herein, defendant Said was acting within the scope of his employment and under color of law.

10. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

## ADMINISTRATIVE PREREQUISITES

11. On August 31, 2020, Ms. Costantino filed a timely Notice of Claim with the Office of the City Comptroller, in accordance with the General Municipal Law, concerning her arrest.

12. On August 19, 2021, Ms. Costantino attended a hearing conducted by the City pursuant to Gen. Mun. L. § 50-h.

13. At least thirty days have elapsed since Ms. Costantino filed her Notice of Claim and adjustment or payment thereof has been neglected or refused. This action was commenced within one year and 90 days from the date of the occurrences alleged therein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

14. On the afternoon of June 3, 2020, Ms. Costantino participated in a demonstration arising out of the murder of George Floyd.

15. The demonstration began at the Barclay's Center in Brooklyn. The demonstration, which at all times was peaceful, wound its way through Brooklyn.

16. Members of the Department permitted the demonstration to continue without interference as it proceeded. At no time did members of the Department order the demonstrators to disperse.

17. At approximately 8:30 p.m., the demonstrators were in the vicinity of the Brooklyn Bridge, in Brooklyn, when the demonstration came to halt.

18. After a short while, the march resumed without incident. Again, members of the Department did not break up the demonstration, and did not issue any orders to disperse.

19. Once the demonstration reached the area of Cadman Plaza East and Johnson Street, the marchers were confronted by members of the Department. As the demonstrators were peacefully chanting, members of the Department corralled them and began to push them, including Ms. Costantino, from all directions.

20. While the members of the Department were pushing and shoving the demonstrators, Ms. Costantino heard a member of the Department, in a white shirt, direct her arrest. Ms. Costantino had not done anything to warrant her arrest.

21. In response, defendant Said pushed Ms. Costantino to the ground. He then placed her in wrists in plastic restraints.

22. Officer Said tightened the restraints around Ms. Costantino's wrists so tightly that she began to cry. Her repeated pleas to loosen the restraints went unmet.

23. Ms. Costantino remained on the ground for what seemed like a couple of minutes. Thereafter, defendant Said pulled her up by her restraints. As he did so, Ms. Costantino was struck in the bridge of her nose by what she believes was defendant Said's baton.

24. After lifting Ms. Costantino to her feet by the restraints, defendant Said tightened further the plastic restraints around her wrists. Ms. Costantino began to cry in defendant Said's presence.

25. While she was crying, a member of the Department who Ms. Costantino believed was a supervisor because he was wearing a white shirt, told Ms. Costantino to remain calm. Ms. Costantino told the supervisor, in defendant Said's presence, that defendant Said was hurting her because of the way he had handcuffed her, and requested a different officer. Her request fell on deaf ears.

26. Following her arrest, Ms. Costantino remained in defendant Said's presence while other demonstrators were being taken to a bus, which was being used to bring the demonstrators to a holding facility for arrest processing.

27. When officers asked defendant Said why Ms. Costantino was not on the bus, defendant Said aggressively brought her to the bus. He grabbed Ms. Costantino, and lifted her arms towards her head, which caused Ms. Costantino to cry.

28. While walking to the bus, Ms. Costantino, still crying, told defendant Said that he was hurting her. Defendant Said ignored her, and told her to "walk." Her request for a different officer fell on deaf ears.

29. For reasons unknown, defendant Said kept Ms. Costantino outside the bus. While he did so, defendant Said repeatedly questioned her about information she might have relating to the demonstrators. Defendant Said had not read Ms. Costantino any *Miranda* warnings.

30. While Ms. Costantino waited outside the bus with defendant Said, she began to lose sensation in her left thumb. She told defendant Said this, and again asked if the plastic restraints could be loosened. He responded he could not do so unless he saw a change of her skin color.

31. Ultimately, Ms. Costantino was placed on the bus and driven to an unknown holding facility. At the arrest processing location, Ms. Costantino's cloth face covering was taken from her and she was put into close proximity to other protesters who had been arrested. They, too, lacked masks or other facial coverings.

32. At the holding facility, Ms. Costantino saw, among other things, defendant Said in possession of her cell phone, which he attempted to access. His efforts to turn it on failed,

however, because the phone was passcode protected.

33. At some point in the arrest processing defendant Said attempted to remove Ms. Costantino's plastic restraints. He tried to cut them without success because they were so tightly placed around her wrists. When he was finally able to remove them, Ms. Costantino saw that her wrists had scrapes and were bleeding.

34. Ms. Costantino was released from the holding facility after receiving a summons that was signed by defendant Said. The summons charged her with Disorderly Conduct (Penal L. § 240.20) and another charge. The charges were baseless.

35. Upon information and belief, the summons required Ms. Costantino to appear in court on September 30, 2020. Before she had to appear in court, Ms. Costantino received notice that the Summons had been dismissed on September 9, 2020.

36. As a result of the tightened restraints, Ms. Costantino sustained cuts and bruises to her wrists, a sprained wrist and a damaged nerve in her left thumb that caused her to lose sensation in it.

FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983--False Arrest)

37. Ms. Costantino repeats and realleges the allegations contained in paragraphs 1 through 36, as if fully set forth herein.

38. On June 3, 2020, Doe and Said caused the arrest of Ms. Costantino.

39. Doe and Said did not have probable cause to believe that Ms. Costantino had committed any crime. Put simply, Ms. Costantino did not engage in any conduct that warranted her arrest and detention.

40. As a result of Doe's and Said's conduct, Ms. Costantino was detained, and at all times she knew she was detained. Moreover, Ms. Costantino did not consent to her confinement.

41. Because Doe and Said did not have probable cause to believe that Ms. Costantino had committed a crime, her arrest was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

42. As a result of her arrest, Ms. Costantino suffered psychological injuries, and continues to suffer psychological harm. Moreover, as a result of her arrest, Ms. Costantino suffered physical injuries.

## SECOND CLAIM FOR RELIEF
(State Law--False Arrest)

43. Ms. Costantino repeats and realleges the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

44. Because Doe and Said did not have probable cause to believe that Ms. Costantino had committed any crime, her arrest was not justified or otherwise privileged.

45. As the employer of Doe and Said, defendant City is responsible for Ms. Costantino's injuries under the doctrine of *respondeat superior*.

46. As a result of her arrest, Ms. Costantino suffered psychological injuries, and continues to suffer psychological harm. Moreover, as a result of her arrest, Ms. Costantino suffered physical injuries.

## THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983–Excessive Force)

47. Ms. Costantino repeats and realleges the allegations contained in paragraphs 1 through 46, as if fully set forth herein.

48. On June 3, 2020, Ms. Costantino did not pose any risk to defendant Said or attempt to resist or evade his arrest.

49. In arresting Ms. Costantino, defendant Said placed plastic restraints around her wrists too tightly.

50. Defendant Said knew he had injured Ms. Costantino after he had placed plastic restraints around her wrists. Ms. Costantino began to cry after being handcuffed, told defendant Said that she was in pain, and requested that he loosen them.

51. Instead of loosening the plastic restraints, defendant Said lifted Ms. Costantino to her feet by the restraints, and tightened further the plastic restraints around her wrists. Ms. Costantino again began to cry in defendant Said's presence.

52. Ms. Costantino requested on at least three occasions that defendant Said loosen the plastic restraints because she was in pain.

53. She even told defendant Said that she was losing sensation in her thumb.

54. As a result of the excessive handcuffing, Ms. Costantino suffered significant physical injuries to her wrist and thumb. She experienced a slight tear in her left wrist and numbness in the left thumb.

FOURTH CLAIM FOR RELIEF
(State Law–Battery)

55. Ms. Costantino repeats and realleges the allegations contained in paragraphs 1 through 54, as if fully set forth herein.

56. Because Doe and Said did not have probable cause to believe that Ms. Costantino had committed any crime, Doe and Said intentionally and without legal justification touched Ms.

Costantino in a harmful and offensive manner. Moreover, defendant Said intentionally and without justification placed plastic restraints around Ms. Costantino's wrists in an excessive manner.

57. As the employer of Doe and Said, defendant City is responsible for Ms. Costantino's injuries under the doctrine of *respondeat superior*.

58. As a result of the placement of handcuffs on Ms. Costantino suffered psychological injuries, and suffered substantial physical injuries.

### PRAYER FOR RELIEF

WHEREFORE, Sara Costantino prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
August 29, 2021

>　　　　　　　　　　　　　　　　SCOTT A. KORENBAUM, ESQ.
>　　　　　　　　　　　　　　　　Attorney for Plaintiff
>　　　　　　　　　　　　　　　　14 Wall Street, Suite 1603
>　　　　　　　　　　　　　　　　New York, New York 10005
>　　　　　　　　　　　　　　　　(212) 587-0018
>
>　　　　　　　　　　　　　　　　By: *Scott A. Korenbaum*
>　　　　　　　　　　　　　　　　　　　Scott A. Korenbaum